UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────
ARIS A. CHAPARRO,

                              Plaintiff,

            v.                                    9:18-CV-0604
                                                      (GTS/DEP)

BRANDON SMITH, et al.,

                              Defendants.
─────────────────────────────────────────

APPEARANCES:

ARIS A. CHAPARRO
17-R-0622
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051

GLENN T. SUDDABY
Chief United States District Judge

**DECISION AND ORDER**

## I.    INTRODUCTION

Plaintiff Aris A. Chaparro commenced this action pro se by filing a civil rights complaint together with an application for leave to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP Application"). By Decision and Order of this Court filed August 29, 2018, plaintiff's IFP Application was granted but following review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 7 (the "August 2018 Order"). In light of his pro se status, plaintiff was afforded an

opportunity to submit an amended complaint. *Id.* Presently before this Court is plaintiff's amended complaint. Dkt. No. 10 ("Am. Compl.").

## II. DISCUSSION

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the August 2018 Order and it will not be restated in this Decision and Order. *See* August 2018 Order at 2-4.

In the original complaint, plaintiff alleged that he did not receive medical treatment for a cyst on his lower right buttock and pain in his knee until two weeks after he made his request, and when he was "finally seen" by defendant Dr. Doreen Smith, he was given only "one antibiotic pill" and "told to return [later that day for] the rest of [his] prescription." Compl. at 2. Plaintiff further alleged that when he attempted to pick up his "prescription order" later that day, he "was told that there was no prescription order and was further denied medical treatment." *Id.* At some point thereafter, plaintiff was "rush[ed] to emergency sick for the cyst that ha[d] burst, with a temperature of 105 and high blood pressure." *Id.* Plaintiff was then transported to Albany Medical Center where he remained for two weeks to treat "an infection in the blood stream" caused by the burst cyst and "lack of medical treatment and medication." *Id.*

Plaintiff named Dr. Smith, the New York State Department of Corrections and Community Supervision ("DOCCS"), Albany Medical Center Hospital, the Greene Correctional Facility Medical Unit, Superintendent of Greene Correctional Facility Brandon Smith, and Nurse Administrator Cole as defendants.

The Court liberally construed the complaint to assert Eighth Amendment medical indifference claims and related state law claims, dismissed with prejudice plaintiff's claims against DOCCS and the individual defendants in their official capacities, dismissed the Eighth Amendment claims against the remaining defendants without prejudice for failure to state a claim upon which relief may be granted, and declined to exercise pendent jurisdiction over plaintiff's state law claims. August 2018 Order at 6-17. Although plaintiff referenced the Fifth, Ninth, and Fourteenth Amendments in his original complaint, the Court did not construe the complaint to have asserted a claim under any of these amendments. *See id.* at 5 n.3.

Plaintiff has submitted an amended complaint in which re-asserts his Eighth Amendment claims against defendants Dr. Smith, Superintendent Smith, Nurse Administrator Cole, and DOCCS,[1] based on allegations that are virtually identical to those made in the original complaint. *Compare* Compl. *with* Am. Compl. The amended complaint also asserts a claim under Title II of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). *See* Am. Compl. at 3-5.[2]

### A. Eighth Amendment Claims

The amended complaint asserts Eighth Amendment claims against the same defendants based on the same facts and circumstances alleged in the complaint, and does not include any additional non-conclusory allegations that would plausibly suggest that any defendant acted with deliberate indifference to plaintiff's medical needs between July 12, 2017, when plaintiff submitted a sick call slip requesting medical treatment, and July 26,

---

[1] Plaintiff no longer names the Greene Correctional Facility Medical Unit or Albany Medical Center Hospital as defendants. *See* Am. Compl. at 1-2.

[2] Although the amended complaint makes a vague reference to the Fourteenth Amendment, *see* Am. Compl. at 4, the Court does not construe the amended complaint to assert any Fourteenth Amendment claims.

3

2017, when plaintiff allegedly received inadequate treatment. Indeed, the amended complaint lacks any allegations which plausibly suggest that plaintiff, in submitting his sick call request, sought emergency treatment that day, or followed up at any point thereafter to notify anyone of an urgent or worsening condition. *See generally*, Am. Compl. In addition, plaintiff has once again failed to provide any details regarding his cyst, or the nature of his physical condition as a result of the cyst. *See id.* Thus, there is no basis for the Court to conclude that plaintiff was even suffering from a condition of urgency when he requested medical treatment on July 12, 2017,[3] let alone that any of the named defendants knew of and disregarded a significant risk to plaintiff's health between July 12, 2017 and July 26, 2017. For all of these reasons, and for the reasons set forth in the August 2018 Order, plaintiff's Eighth Amendment claims are dismissed.

**B.    ADA Claims**

Title II of the ADA "proscribes discrimination against the disabled in access to public services." *Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009) (citation omitted). The statute provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Id.* (citing 42 U.S.C. § 12132).[4]  "To assure the requirements are met, 'reasonable accommodation' may have to be provided to the qualified individual." *Harris*, 572 F.3d at 73 (citation omitted).

---

[3] *Compare Arce v. Banks*, 913 F. Supp. 307, 309-10 (S.D.N.Y. 1996) (small cyst-like growth on forehead not sufficiently serious), *with Gutierrez v. Peters*, 111 F.3d 1364, 1373-74 (7th Cir. 1997) (large cyst that had become infected was a serious medical condition).

[4] A state prison is a "public entity" for purposes of the ADA. *See Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998).

4

The term "qualified individual with a disability" is statutorily defined to mean

> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131(2). The ADA further defines "disability" as: (1) "a physical or mental impairment that substantially limits one or more major life activities of [an] individual," (2) having "a record of such an impairment," or (3) "being regarded as having such an impairment." 42 U.S.C. § 12102(1).

"Individuals in their personal capacities are not proper defendants on claims brought under the ADA . . ., although individuals can be sued in their official capacities under [the ADA]." *Keitt v. New York City*, 882 F. Supp. 2d 412, 456-57 (S.D.N.Y. 2011); *Wenger v. New York State Dep't of Health*, No. 5:14-CV-885 (DNH/TWD), 2015 WL 3397958, at *5 (N.D.N.Y. May 26, 2015) ("Title II of the ADA does not provide for individual capacity suits against public officials[.]"). However, "claims for money damages against state officials in their official capacities under Title II of the ADA are barred by the Eleventh Amendment, absent a showing that a violation was motivated by discriminatory animus or ill will due to the disability." *Wenger*, 2015 WL 3397958, at *5.

In this case, even assuming that, liberally construed, plaintiff's amended complaint can be read to encompass an ADA claim against the named defendants in their official capacities, his claims are nonetheless deficient for two reasons. First, plaintiff has failed to allege facts which plausibly suggest that he suffered from a "disability" at any point during the time period giving rise to his claims. Rather, the allegations in the complaint plausibly suggest, at most,

5

that plaintiff suffered from a temporary medical condition that required limited medical treatment. *See Delgacio v. Triborough Bridge & Tunnel Auth.*, 485 F. Supp. 2d 453, 459-460 (S.D.N.Y. 2007) (finding brain cyst, herniated disk, and right ankle sprain insufficient to plead disability under ADA where plaintiff did not adequately plead their severity, duration, or impact); *cf. Ramirez v. N.Y. City Bd. of Educ.*, 481 F. Supp. 2d 209, 218 (E.D.N.Y. 2007) (finding, as a matter of law, that acute bronchitis and respiratory infections cannot support a claim under the ADA because they are temporary conditions that are not substantially limiting disabilities). Second, even if plaintiff's medical condition could be considered a "disability," plaintiff has failed to allege any facts which plausibly suggest that he was treated differently than other inmates because of his disability. *See Roberts v. City of New York*, No. 14-CV-5198, 2016 WL 4146135, at *9 (S.D.N.Y. Aug. 2, 2016) (dismissing ADA claim where "[t]he complaint fail[ed] to allege that Plaintiff was excluded from participation in any program or activity, or otherwise treated differently, because of the disability"); *Rosado v. Herard*, No. 12-CV-8943, 2014 WL 1303513 at *5 (S.D.N.Y. Mar. 25, 2014) ("[C]ourts routinely dismiss ADA suits by disabled inmates that allege inadequate medical treatment, but do not allege that the inmate was treated differently because of his or her disability." (citations & quotations omitted)); *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514 at *19 (S.D.N.Y. Aug. 2, 2013) ("[T]he Court need not engage in an extensive analysis of the ADA requirements because Plaintiff makes absolutely no allegation that he was discriminated against, or that Defendants failed to provide him with a reasonable accommodation—i.e., railings on the walkway or an alternative to traveling through the walkway—because of his disability. . . . Thus, Plaintiff's ADA claim is DISMISSED.").

Accordingly, plaintiff's ADA claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### C. State Law Claims

Because the amended complaint fails to state an underlying claim for relief under Section 1983, the Court once again declines to exercise pendent jurisdiction over plaintiff's state law claims.

## III. CONCLUSION

After reviewing plaintiff's amended complaint, and according it the utmost liberality in light of his pro se status, the Court is not able to discern either a factual or legal basis for this action. For all of the reasons set forth herein and in the August 2018 Order, and because plaintiff has already had one opportunity to amend his claims, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted pursuant to Section 1983.[5]

**WHEREFORE**, it is hereby

**ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.[6] The Clerk is directed to terminate all of the

---

[5] Although plaintiff's federal constitutional claims are dismissed with prejudice, plaintiff is free to pursue any available state law claims in the appropriate state court.

[6] Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. *See Shuler v. Brown*, No. 9:07-CV-0937 (TJM/GHL), 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord*, *Smith v. Fischer*, No. 9:07-CV-1264 (DNH/GHL), 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009); *Abascal v. Hilton*, No. 9:04-CV-1401 (LEK/GHL), 2008 WL 268366, at *8 (N.D.N.Y. Jan.13, 2008); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec ., Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).

defendants and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: December 4, 2018
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge